Ja Vonne M. Phillips, Esq. SBN 187474
Gregory J. Babcock, Esq. SBN 260437
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800
Fax (619) 685-4810

Attorney for: Secured Creditor,
Redwood Credit Union, it assignees and/or successors, and the servicing agent Dovenmuehle Mortgage, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SANTA ROSA DIVISION

| | |
|---|---|
| In re<br><br>Juan M. Guerrero,<br><br>Perla Soberanis<br><br>　　　　Debtors. | Case No. 10-14658 J<br><br>Chapter 13<br><br>**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**<br><br>**341(a) Meeting of Creditors:**<br>Date:  1/11/2011<br>Time: 2:00 PM<br>Place: 777 Sonoma Ave. #116<br>　　　　Santa Rosa, CA<br><br>**Confirmation Hearing:**<br>Date:  2/9/2011<br>Time: 1:30 PM<br>Ctrm: Judge Jaroslovsky<br>Place: 99 South E Street<br>　　　　Santa Rosa, CA<br><br>Judge: Alan Jaroslovsky |

Redwood Credit Union, it assignees and/or successors, and the servicing agent Dovenmuehle Mortgage, Inc., ("Secured Creditor") in the above-entitled Bankruptcy proceeding, hereby submits the following Objections to Confirmation of the Chapter 13 Plan proposed by ("Debtors") Juan M. Guerrero and Perla Soberanis.

1. This objecting Secured Creditor Services and is entitled to receive payments pursuant to a Promissory Note which matures on 11/1/2034 and is secured by a Deed of Trust on the subject property commonly known as 286 Adele Avenue, Rohnert Park, CA 94928. As of 12/1/2010, the amount in default was $13,257.33, as evidenced in the proof of claim filed on or around 1/10/2011, incurred with respect to the default. **Exhibit "1".**

2. Debtors allege in the Plan that the arrears owed to Secured Creditor are in the amount of $2,768.00, while in fact the actual arrears owed are in the amount of $13,257.33. To cure the pre-petition arrearages of $13,257.33 over the term of the Plan within 60 months, Secured Creditor must receive a minimum payment of $220.96 per month from the Debtors through the Plan. Debtors' Plan provides for payments to the Trustee in the amount of $400.00 per month for 60 months. Debtors do not have sufficient funds available to cure the arrears over the term of the Plan within 60 months. Clearly, the Plan is not feasible. True and correct copies of Debtors' Schedules I and J are attached hereto as **Exhibit "2"**.

3. Unless otherwise ordered, under 11 U.S.C. § 1326(a)(1), the Debtors shall commence making the payments proposed by the Plan within 30 days after the Petition is filed. The Plan must comply with all applicable provisions of 11 U.S.C. § 1325 to be confirmed. As such, the Plan cannot be confirmed.

CONCLUSION

Any Chapter 13 Plan proposed by the Debtors must provide for and eliminate the Objections specified above in order to be reasonable and to comply with applicable provisions of the Bankruptcy Code. Secured Creditor respectfully requests that confirmation of the Chapter 13 Plan as proposed by the Debtors be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor.

WHEREFORE, Secured Creditor prays as follows:

1. That confirmation of the Proposed Chapter 13 Plan be denied, or in the alternative, be amended to provide for full payoff of the arrearages owed to Secured Creditor within 60 months;

2. For attorneys' fees and costs herein,

3. For such other relief as this Court deems proper.

Respectfully submitted,

McCarthy & Holthus, LLP

By: /s/ Gregory J. Babcock, Esq.
Gregory J. Babcock, Esq.
Attorney for Secured Creditor